Marc Karlin, Karlin & Karlin, APC, Los Angeles, CA, for Petitioner.

Lance Lomond Jolley, Esquire, David V. Bernal, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Alejandro Antoni Castillo–Zelaya, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") remov-al order. We dismiss the petition for review.

We lack jurisdiction to review Castillo–Zelaya's contentions related to his ineffective assistance of counsel claim and whether his two controlled substance convictions render him ineligible for immigration relief because he did not raise them before the BIA, and therefore failed to exhaust his administrative remedies. *See Zara v. Ashcroft*, 383 F.3d 927, 930–31 (9th Cir.2004) ("A petitioner cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal.").

**PETITION FOR REVIEW DISMISSED.**

**Crispin Clanor ENDICIO and Maria Elsa Maldo Recio, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

Nos. 08–71729, 08–75193.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 13, 2010.*

Filed Sept. 29, 2010.

Nancy Ellen Miller, Esquire, Law Offices of Reeves & Associates, Pasadena, CA, for Petitioners.

Andrea Gevas, OIL, Lisa Marie Arnold, Senior Litigation Counsel, Stacy Stiffel Paddack, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions for review, Crispin Clanor Endicio and Maria Elsa Maldo Recio, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for relief from removal, as well as the BIA's order denying their subsequent motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005) and for substantial evidence the agency's factual findings, *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc). We dismiss in part and deny in part the petition for review in No. 08–71729, and deny the petition for review in No. 08–75193.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Petitioners' contention that the agency applied an incorrect hardship standard is not supported by the record. *See Mendez–Castro v. Mukasey,* 552 F.3d 975, 980 (9th Cir. 2009).

In their opening brief, petitioners fail to address, and therefore have waived any challenge to, the agency's denial of asylum and relief under the Convention Against Torture. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

Substantial evidence supports the BIA's determination that petitioners failed to demonstrate their eligibility for withholding of removal. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1178–79 (9th Cir.2004).

The BIA did not abuse its discretion by denying petitioners' motion to reopen, where the BIA considered the new evidence of their United States citizen son's mental health condition and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.")

**In No. 08–71729: PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

**In No. 08–75193: PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.